**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000681
23-JUN-2023
07:48 AM
Dkt. 53 SO**

NO. CAAP-21-0000681

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

JOHN CLINTON EASTERWOOD, Petitioner-Appellant,
v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 1CPN-20-0000007)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Hiraoka and Guidry, JJ.)

Petitioner-Appellant John Clinton Easterwood
(**Easterwood**) appeals from the "Findings of Fact, Conclusions of
Law and Order Denying Petitioner Easterwood's Hawaiʻi Rules of
Penal Procedure (**HRPP**) Rule 40 Petition for Post-Conviction
Relief" (**Order Denying Rule 40 Petition**) entered on November 4,
2021, by the Circuit Court of the First Circuit (**Circuit Court**).[1]

Easterwood's HRPP Rule 40 Petition sought relief from
his no contest plea and sentence in Criminal No. 1CPC-18-0001444
(**criminal case**).[2]  In the criminal case, Easterwood plead no

---

[1]  The Honorable James S. Kawashima presided in the evidentiary hearing
on the HRPP Rule 40 Petition and issued the Order Denying Rule 40 Petition.

[2]  The Honorable Todd W. Eddins presided in the criminal case.

contest to Unauthorized Entry into Motor Vehicle in the First Degree (**count 1**), Assault Against a Law Enforcement Officer in the First Degree (**count 2**), and Resisting Arrest (**count 4**).  He was sentenced to five-year terms of imprisonment for counts 1 and 2, and one-year of imprisonment for count 4, with the sentences to run concurrently.

Easterwood's HRPP Rule 40 Petition asserts three grounds: he was told by his criminal case counsel, Jason Burks (**Burks**), that Burks spoke with the trial judge who agreed to sentence Easterwood to probation, not prison, in return for a guilty plea; the judge relied on police action unrelated to Easterwood's case in his reasoning for a maximum sentence; and Burks mislead Easterwood into believing the judge had agreed to sentence Easterwood to probation in return for a guilty plea.  In an order issued on September 4, 2020, the Circuit Court determined that Easterwood's petition presented a colorable claim for ineffective assistance of counsel for which a hearing would be held, but that his other assertions did not raise valid claims warranting a hearing.[3]

The Circuit Court held an evidentiary hearing on Easterwood's claim of ineffective assistance of counsel.  At the HRPP Rule 40 hearing, the Circuit Court heard testimony from Easterwood and Burks.  The Circuit Court then issued its Order Denying Rule 40 Petition.  This appeal follows.

On appeal, Easterwood contends that "[t]he Circuit Court erred when it found Easterwood non-credible, found Burks credible, concluded that [Easterwood's] claim of ineffective assistance of counsel was unfounded, and ordered that no relief would be granted under HRPP Rule 40."  Easterwood challenges: the Circuit Court's findings of fact (**FOF**) 13, 14, and 15, which relate to the Circuit Court's assessment of Easterwood's

---

[3]  The Honorable Todd W. Eddins issued the September 4, 2020 order.

credibility; FOFs 16(b), (d), (e), and (f), relating to the Circuit Court's assessment of Burks' credibility as to specified facts; FOFs 17 and 18; and conclusions of law (**COL**) 4, 8, 9, and 12.

Upon careful consideration of the arguments by the parties, the legal authorities cited, and the record, we resolve Easterwood's appeal as set forth below and affirm.

The Hawai'i Supreme Court has stated that:

"The proper standard for claims of ineffective assistance of counsel on appeal is whether, 'viewed as a whole, the assistance provided was within the range of competence demanded of attorneys in criminal cases.'" State v. DeLeon, 131 Hawai'i 463, 479, 319 P.3d 382, 398 (2014) (quoting Dan v. State, 76 Hawai'i 423, 427, 879 P.2d 528, 532 (1994)).

The defendant has the burden of establishing ineffective assistance of counsel and must meet the following two-part test: 1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense.

Araiza v. State, 149 Hawai'i 7, 14, 481 P.3d 14, 21 (2021) (citations omitted).

The challenged findings and conclusions state as follows:

FINDINGS OF FACT

13. As finder of fact, the Court is unconvinced by Easterwood's contention that he only changed his pleas because he was promised probation. Instead, it appears more likely that denial of the very existence of any agreement with the state whatsoever, however non-credible such denial may be, is herein offered simply to bolster the claims supporting the instant petition.

14. Among the reasons why Easterwood's denial of any agreement with the state is non-credible, the Court notes Easterwood's own sworn adoption of the change of plea form K and the plain understanding of the word "agreement."

15. As an issue of fact, Easterwood's non-credible denial actually refutes his assertion that he only changed his pleas because he was promised probation. That Easterwood's petition should depend to such a degree upon so implausible a denial suggests that the petition itself lacks any other factual support.

16. The Court does find credible the testimony from Jason Burks ("Burks"), specifically:

   . . .

   b. That Burks never told Defendant that probation would be anything other than a possibility;

   . . .

   d. That Burks told Easterwood, absent an agreement with the State under which the Court could bind itself under HRPP Rule 11, "nothing is set in stone";

   e. That Burks himself never personally promised probation, but told Easterwood that he might have a "decent shot" at probation;

   f. That Burks did explain to Easterwood that the likelihood of receiving probation would depend on Easterwood taking responsibility for his actions, and further that Easterwood's failure to take responsibility would also carry its own consequences[.]

   . . .

17. Easterwood's current position, that he changed his pleas only because he believed he had an enforceable contract guaranteeing him two or four years probation, has no factual support anywhere else in the record, and is as a matter of fact is [sic] strongly refuted by the evidence that has been adduced herein.

18. Finally, whatever representations may have been made, the Court does not find it credible that someone with Easterwood's criminal history (as reflected in the bail and pre-sentence reports) could reasonably expect a guarantee of probation for punching a uniformed police officer without provocation.

## CONCLUSIONS OF LAW

. . .

4. As adduced herein, Easterwood's pleas were fully informed and entered knowingly, intelligently and voluntarily. Easterwood's summary claims to the contrary in his supplement filed on July 4, 2021, are patently frivolous and without trace of support in the record.

. . .

8. The defense of involuntary intoxication under H.R.S. § 702-230(2) could not be potentially meritorious, given that its sole basis is Easterwood's speculation regarding a "cigarette laced with LSD," absent any corroborative evidence whatsoever.

9.    Absent any trace of support for any legally cognizable
      defense that could also have been potentially
      meritorious, Easterwood's complaint of ineffective
      assistance of counsel remains unfounded.

. . .

12.   Accordingly, for the reasons stated above, the Court
      finds no basis by which relief can be granted under
      HRPP Rule 40.  Nothing presented or adduced suggests
      that Easterwood's sentence was unconstitutional,
      without jurisdiction or in any manner illegal.

Easterwood does not set out particular arguments in challenging the specified findings and conclusions of the Circuit Court.  Rather, he makes generalized arguments.  His challenge to FOFs 13, 14, 15, and 16(b), (d), (e), and (f), are based on his assertion that his testimony was credible and the Circuit Court clearly erred in its assessment of Easterwood and Burks' respective credibility at the HRPP Rule 40 hearing.  Easterwood's challenge to FOFs 17 and 18 also contests the Circuit Court's credibility assessments and its weighing of the evidence.  All of these issues are within the province of the Circuit Court and will not be disturbed on appeal.  State v. Jenkins, 93 Hawaiʻi 87, 101, 997 P.2d 13, 27 (2000) ("[I]t is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the [trier of fact].") (citations omitted) (alterations in original); State v. Aplaca, 96 Hawaiʻi 17, 23, 25 P.3d 792, 798 (2001) (citations omitted).

Additionally, given that the challenged findings will not be disturbed and that the Circuit Court's unchallenged findings are binding on appeal, Easterwood's challenge to COLs 4, 8, 9, and 12 are without merit.  The findings by the Circuit Court and the record in this case support COLs 4, 8, 9, and 12, and Easterwood fails to show that they were wrong.

Given the above, Easterwood did not establish his claim of ineffective assistance of counsel and the Circuit Court did not err in denying his HRPP Rule 40 Petition.

Therefore, the "Findings of Fact, Conclusions of Law and Order Denying Petitioner Easterwood's [HRPP] Rule 40 Petition for Post-Conviction Relief," filed on November 4, 2021, by the Circuit Court of the First Circuit, is affirmed.

DATED:  Honolulu, Hawaiʻi, June 23, 2023.

On the briefs:

William K. Li,
for Petitioner-Appellant

Loren J. Thomas,
Deputy Prosecuting Attorney,
for Respondent-Appellee

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge